IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**BRUCE NETTLES**                                                                                    **PLAINTIFF**

VS.                                                        CIVIL ACTION NO.  5:20-cv-214-DCB-MTP

**WAL-MART STORES, INC.;**
**WAL-MART ASSOCIATES, INC.;**
**WAL-MART STORES EAST, LP; and**
**JOHN DOES 1-10**                                                                                **DEFENDANTS**

## NOTICE OF REMOVAL

**COME NOW**, Wal-Mart Stores, Inc.; Wal-Mart Associates, Inc.; and, the proper Walmart entity, Wal-Mart Stores East, LP ("Walmart"), by and through counsel and without waiving any objections to venue or other defenses; including, but not limited to, those available under Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure; and file this Notice of Removal of this case from the Circuit Court of Adams County, Mississippi, to the United States District Court for the Southern District of Mississippi, Western Division, and, in support hereof, would show unto this Court the following:

**I.     COMPLAINT**

1.     This premises case arises from an alleged incident that happened on March 28, 2019, at Walmart Store 0874 in Natchez, Mississippi.  Bruce Nettles ("Plaintiff") alleges he slipped on a sanitizer wipe and fell.

2.     In his Complaint (hereto attached as Exhibit A), Plaintiff seeks an unspecified amount of damages. *Id*. at 5.

3.     However, Plaintiff has now, by way of his responses to Walmart's requests for admission, established that the amount in controversy exceeds $75,000, exclusive of interest and

costs. *See* Exhibit B, Plaintiff's Responses to Requests for Admission. Therefore, as discussed in more detail below, because (a) complete diversity of citizenship exists, and (b) the amount in controversy exceeds $75,000, this Court has jurisdiction over this case.

## II.   PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

### A.   *This Case is Removable under 28 U.S.C. §§ 1441(a) and 1332(a)*

4.   28 U.S.C. § 1441(a) provides, in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.

5.   The United States District Court for the Southern District of Mississippi, Western Division is the district and division embracing the location of the state court where this suit is currently pending.

6.   Additionally, 28 U.S.C. § 1332(a), as amended, provides in relevant part:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between . . . citizens of different States.

7.   As briefly mentioned above and discussed below, complete diversity of citizenship exists in this matter, and Plaintiff has established that the amount in controversy exceeds the sum or value or $75,000, exclusive of interest and costs. Therefore, this Court has original diversity jurisdiction over this case.

### B.   *This Removal is Timely under 28 U.S.C. § 1446(b)*

8.   Under 28 U.S.C. § 1446(b) (emphasis added), a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an

amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable."

9. Walmart was served with Plaintiff's responses to its requests for admission on October 30, 2020. Ex. C, Notice of Service. Said responses constitute the "other paper" from which Walmart first ascertained that the amount in controversy has been met and that this case is removable based upon diversity jurisdiction. *See Reed v. Flores*, No. CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *2 (N.D. Miss. Nov, 2009) (finding that removal was timely where the plaintiff's responses to the defendant's requests for admissions constituted the "'other paper' from which [the defendants] could first ascertain that [the p]laintiff sought over $75,000 in damages").

10. Since Walmart is removing this case within thirty days of October 30, 2020, this removal is timely.

        ***C.     Required Documents are Attached and Notice to the Clerk Has Been Given***

11. Pursuant to 28 U.S.C. § 1446(a), copies of process, pleadings, and orders served on Walmart are attached hereto as Exhibit D. Pursuant to Rule 5(b) of the Local Uniform Civil Rules, a true and correct copy of the entire state court file will be timely filed within fourteen (14) days of the date of removal.

12. Additionally, in accordance with 28 U.S.C. §1446(d), Walmart will file a copy of this Notice with the Clerk of the Circuit Court of Adams County, Mississippi, contemporaneous with the filing of the same with this Court.

    **III.    DIVERSITY JURISDICTION**

13. As stated, this Court has original diversity jurisdiction over this case pursuant to §1332(a) because Plaintiff and Walmart are citizens of different states, and Plaintiff's responses to

Walmart's requests for admission establish that the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.     *Diversity of Citizenship Exists*

14.    According to the Complaint, Plaintiff is an adult resident citizen of Mississippi.  Ex. A, at 1.

15.    Wal-Mart Stores East, LP is and was a Delaware limited partnership with its principal place of business in Arkansas.  WSE Management, LLC is the sole general partner of Wal-Mart Stores East, LP, and WSE Investment, LLC is the sole limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC and WSE Investment, LLC are and were Delaware limited-liability companies, with their principal places of business in Arkansas.  Wal-Mart Stores East, LLC is the sole member of both WSE Management, LLC and WSE Investment, LLC.  Wal-Mart Stores East, LLC is and was an Arkansas limited-liability company, with its principal place of business in Arkansas.  Walmart Inc. (f/k/a Wal-Mart Stores, Inc.) is the sole member of Wal-Mart Stores East, LLC.  Walmart Inc. is and was a Delaware corporation, with its principal place of business in Arkansas.  Wal-Mart Associates, Inc. is a Delaware corporation with its principal place of business in Arkansas.

16.    "In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) . . ., the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). Therefore, "John Doe defendants cannot be considered for purposes of removal." *Smith v. Canadian Nat./Illinois Cent. R.R* , No. 02;06CV212-P-A, 2007 WL 986876, at * 1 (N.D. Miss. Mar. 29, 2007).  Consequently, complete diversity of citizenship exists.

### B.     *Amount in Controversy Has Been Met*

17. Plaintiff's responses to requests for admission (Exhibit B) establish that the amount in controversy exceeds $75,000, exclusive of interest and costs:

> 1. Admit that the value of your claims for damages do not exceed the amount of $75,000.
>
> **ANSWER**: Plaintiff's claim for damages is not for a liquidated amount. It is an unliquidated claim for damages which presents a genuine issue for trial. The amount of damages will be determined by the jury that hears this case. That jury might decide that Plaintiff's claim for damages is less than $75,000.00, or the jury might decide that Plaintiff's claim for damages is more than $75,000.00. Therefore, Plaintiff is not able to either admit or deny the value of his claims as that value will be determined by the jury that hears this case. **However, Plaintiff admits that he believes the value of his claim is worth more than $75,000.00; otherwise this is denied.**
>
> 2. Admit that you would not accept any sum greater than $75,000.00 for any damages even if awarded by a jury.
>
> **ANSWER**: Denied.
>
> 3. Admit that you will never seek to amend the Complaint to seek an amount above $75,000.00.
>
> **ANSWER**: Denied
>
> 4. Admit that you will never seek a verdict from any jury hearing this action greater than $75,000.00.
>
> **ANSWER**: Denied
>
> 5. Admit that you will not seek a verdict in excess of $75,000.00 exclusive of interest and cost at the trial of this matter.
>
> **ANSWER**: Denied

Ex. B, at 1-2 (emphasis added).

18. As seen above, in his responses, Plaintiff refused to admit that he would not accept a sum greater than $75,000 for any damages; that he would not seek to amend his Complaint to seek a sum greater than $75,000 for any damages; or that he would not seek a jury verdict in a sum

greater than $75,000.  Therefore, the amount-in-controversy component of diversity jurisdiction has been met in this case, and removal is proper.  *Reed*, CIV.A. 1:09CV84SA-JA, 2009 WL 3766693, at *1-2 (finding that removal was proper where the plaintiff had denied a request for admission that asked her to "admit that [she would] not seek damages nor [would she] execute on any judgment rendered in [her] favor against the defendants in excess of $75,000, exclusive of interest and costs"); *Holmes v. Citifinancial Mortgage Co.*, 436 F. Supp. 2d 829, 831-32 (N.D. Miss. 2006) (holding that where Plaintiff claimed $74,500 for all damages alleged in his Complaint but did not submit an affidavit and binding stipulation agreement to that effect and objected and/or refused to answer requests for admissions that stated to a legal certainty that he would not seek or accept damages in excess of $75,000, the defendant had met its burden of proving the amount in controversy by a preponderance of the evidence); *Fields v. Household Bank (SB), N.A.,* 280 F. Supp. 2d 530, 531-32 (N.D. Miss. 2003) (finding that a defendant proves by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount where the defendant requests that the plaintiff admit, through a request for admission, that she will not seek more than the jurisdictional limit, and the plaintiff denies the request); *Fields v. Beneficial Nat'l Bank USA*, No. 1:00CV64-S-A, 2000 WL 33907905, at *1 (N.D. Miss. June 7, 2000) (finding that the amount-in-controversy component of diversity jurisdiction had been met where the plaintiff had failed to agree not to seek damages in excess of $75,000).

19.  Walmart reserves its right to amend or supplement this Notice of Removal.

20.  Walmart also reserves all affirmative defenses, including, but not limited to, Rule 8(c) and 12(b) defenses.

**WHEREFORE, PREMISES CONSIDERED**, Walmart respectfully requests that this

Court proceed with the handling of this case as if it had been originally filed herein and that further proceedings in the Circuit Court of Adams County, Mississippi, be hereby stayed.

Respectfully submitted this the 30th day of November, 2020.

                              WAL-MART STORES, INC.;
                              WAL-MART ASSOCIATES, INC.; and
                              WAL-MART STORES EAST, LP

By: _____
     Thomas M. Louis (MSB No. 8484)
     Dorissa S. Smith (MSB No. 104541)

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
POST OFFICE BOX 131
JACKSON, MISSISSIPPI  39205-0131
TELEPHONE:   (601) 605-6900
FACSIMILE:    (601) 605-6901
tlouis@wellsmarble.com
dsmith@wellsmarble.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed using the Court's ECF system, which should have automatically emailed a copy to:

Martin R. Jelliffe, Esq.
Morgan & Morgan, PLLC
4450 Old Canton Road, Suite 200
Jackson, MS 39211
mjelliffe@forthepeople.com

This the 30th day of November, 2020.

                              _____
                              Dorissa S. Smith