RECEIVED
AND FILED

JUN 08 2020

_____, CIRCUIT CLERK
BY_____ D.C.

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**BRUCE NETTLES**                                                                 **PLAINTIFF**

vs.                                                    CAUSE NO.: 20-KV-0028-S

**WAL-MART STORES, INC.;**
**WAL-MART ASSOCIATES, INC.;**
**WAL-MART STORES EAST, LP.;**
**AND JOHN DOES 1-10**                                             **DEFENDANTS**

### COMPLAINT
### (JURY TRIAL REQUESTED)

COMES NOW the Plaintiff, Bruce Nettles, (hereinafter "Plaintiff"), by and through his counsel, and hereby files this Complaint against Wal-Mart Stores, Inc., Wal-Mart Associates, Inc., Wal-Mart Stores East, LP., (hereinafter sometimes collectively referred to as Wal-Mart or Wal-Mart Store), and in support thereof states as follows:

### I. PARTIES

1. The Plaintiff is an adult resident citizen of Adams County, Mississippi and presently resides at 109 Hammett St., Natchez, Mississippi 39120.

2. The Defendant, Wal-Mart Stores, Inc., is a foreign corporation incorporated in the State of Delaware, with its principal place of business in Arkansas, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. The Defendant, Wal-Mart Associates, Inc., is a foreign corporation incorporated in the State of Delaware, with its principal place of business in Arkansas, and doing business in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. The Defendant, Wal-Mart Stores East, LP., is a foreign Limited Partnership incorporated in the State of Delaware, with its principal place of business in Arkansas, and doing



business in the State of Mississippi, whose agent for service of process is C.T. Corporation System, located at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant's, John Does 1-10, are the owners, operators, managers, and all other entities, corporate and/or individuals, of Wal-Mart Stores Inc., and/or other persons, entities, corporations, etc. that were at and/or responsible for the condition of the floors at the location in question, located at 314 Sgt. S. Prentiss, Natchez, Mississippi 39120; who were in some manner negligently and proximately responsible for the events and happenings alleged in this Complaint and for the Plaintiff's injuries and damages. Plaintiff will amend his Complaint to allege the true capacity of these parties when they are ascertained.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction of the parties and the subject matter of this action. Venue is proper as this civil action arises out of negligence acts and omissions committed in Adams County, Mississippi, and the cause of action occurred and/or accrued in Adams County, Mississippi.

## III. FACTS

5. The Plaintiff adopts and herein incorporates by reference every allegation as set forth above.

6. At all times mentioned in this Complaint, the Defendants, Wal-Mart, managed, leased and/or owned property located at 314 Sgt. S. Prentiss, Natchez, Mississippi 39120.

7. At all times mentioned in this Complaint, the Defendants, Wal-Mart, invited the general public, including the Plaintiff, to enter the Premises of Wal-Mart located at 314 Sgt. S. Prentiss, Natchez, Mississippi 39120, for reasons mutually advantageous and/or for said Defendants' economic benefit.

8. At the above-mentioned time and place, March 28, 2019, the Plaintiff was on his way to pick-up his prescription from the Pharmacy when, suddenly and without warning, he stepped on a sanitizer wipe on the floor, thereby creating a dangerous condition, and causing him to slip and fall to the ground and sustain serious injuries and damages.

9. This dangerous condition was created by Defendants; and there were no warning signs warning of a sanitizer wipe laying on the floor.

10. There was more than one of Wal-Mart's Store employees in the area of the fall who knew or should have known of the sanitizing wipe laying on the floor. Defendant Wal-Mart, as owner and/or operator of the area where the Plaintiff fell and was seriously injured, owed a duty to the Plaintiff to keep the area of the store in a reasonably safe condition, to correct any dangerous conditions, to warn the Plaintiff of any dangerous conditions not readily apparent of which it knew or should have known in the exercise of reasonable care, and to conduct reasonable inspections to discover dangerous conditions existing on the premises of Ramey's Grocery Store.

11. The defect in the aisle constituted a hazardous and dangerous condition, causing the Plaintiff's injury.

12. Wal-Mart had a duty to retain and/or employ employees and/or owner/operators that would maintain the store in a safe and reasonable manner and that would not create a danger to others.

13. The Defendants, Wal-Mart, as owners and/or operators of the store where the Plaintiff was seriously injured, breached the duties owed to the Plaintiff by:

   a. Failing to maintain the premises of the common area in a reasonably safe condition;

3

b.  Failing to exercise reasonable care by leaving a sanitization wipe in the aisle, creating a dangerous condition, and allowing it to remain in a dangerous condition;

c.  Failing to remedy and/or warn of the dangerous condition, which created an unreasonable risk of harm to invitees at the store;

d.  Failing to properly inspect the premise in order to discover the hazardous condition on the premise;

e.  Failing to otherwise exercise due care with respect to the matters alleged in this Complaint.

14. Further, Defendants, Wal-Mart, were negligent through the actions and inactions of its agents, representatives, and/or employees. The negligence of Defendants includes, but is not necessarily limited to, the following:

a.  Failure to adequately inquire into the competence of employees and/or others, if any, that were responsible for maintaining safe conditions at the store;

b.  Failure to adequately train and supervise employees and/or others, if any, that were responsible for maintaining safe conditions at the store;

c.  Failure to comply with industry standards/regulations and the law of the State of Mississippi;

d.  Failure to act reasonably under the circumstances;

e.  Other acts of negligence to be shown at the trial of this cause.

15. As a direct and proximate result of the negligence of the Defendants as set forth above, the Plaintiff sustained injuries and damages including, but not limited to, physical injuries; past, present, and future pain and suffering; past, present, and future medical expenses; and other damages that will be proved at the trial of this matter.

4

## PRAYER OF RELIEF

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, Bruce Nettles, requests a trial by jury and demands damages including actual, compensatory, consequential, and incidental damages, for physical injuries; past, present, and future physical and emotional pain and suffering, past, present, and future medical expenses; and any other special damages that may be incurred by the Plaintiff, together with attorney fees, costs of suit and any further relief as the Court may deem proper under the circumstances.

RESPECTFULLY SUBMITTED, this the ___4th___ day of June 2020.

BRUCE NETTLES

By: _____
MARTIN R. JELLIFFE (#3067)

OF COUNSEL:

MORGAN AND MORGAN, PLLC
Martin R. Jelliffe (MSB #3067)
4450 Old Canton Rd. STE 200
Jackson, MS 39211
Telephone:   (601) 503-1676
Fax:         (601) 503-1629
mjelliffe@forthepeople.com